UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 09-CR-0098(1) (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH EDWARD RILEY, | |
| Defendant. | |

Michael L. Cheever, UNITED STATES ATTORNEY'S OFFICE, for plaintiff United States of America.

Craig E. Cascarano, CASCARANO LAW OFFICE, for defendant Joseph Edward Riley.

Defendant Joseph Edward Riley pleaded guilty to one count of conspiring to defraud the United States in violation of 18 U.S.C. § 371. On February 17, 2011, the Court sentenced Riley to 42 months' imprisonment and entered judgment the next day.

This matter is before the Court on Riley's motion pursuant to Fed. R. Crim. P. 36 to amend his Presentence Investigation Report ("PSR"). *See* Docket No. 130. Riley alleges that he is an alcoholic who "hid the true nature of his alcohol abuse" from this Court because "[h]e believed that if he admitted he was a non-recovering alcoholic, it would be detrimental at sentencing." *Id.* at 1. Now, however, Riley wants to participate in the Residential Drug Abuse Program ("RDAP") run by the Bureau of Prisons ("BOP") — either because he sincerely wants to be treated for alcoholism, or because he wants to shorten his prison sentence, or both. Riley says, however, that the BOP will not permit him to participate in the program because "the presentence investigation did not adequately reflect his alcohol abuse . . . ." *Id.* He now asks this

Court to amend his PSR so that it reports that he is an alcoholic. For the reasons that follow, the Court denies Riley's motion.

First, the Court does not have authority under Rule 36 to amend Riley's PSR as he requests. Under that rule, the Court may "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." But what Riley seeks to "correct" is neither a "clerical error" nor "an error . . . arising from oversight or omission." *See generally United States v. Yakle*, 463 F.3d 810, 811 (8th Cir. 2006) (per curiam) (noting that Rule 36 was meant to allow for the correction of scrivener's mistakes); *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) ("A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." (internal quotations omitted)). According to Riley, the reason why the PSR mistakenly describes him as "a social drinker who has an occasional beer or glass of wine" (PSR at ¶ 54) is because he lied to the probation officer in order to gain a strategic advantage in sentencing. Rule 36 does not authorize courts to revise a PSR when an inmate decides that he wants to withdraw a lie that he told to gain an advantage in sentencing in order to gain an advantage in prison.

Second, even if the Court had legal authority to revise Riley's PSR, it would not do so. Riley is in the custody of the BOP, and the BOP has the responsibility to provide adequate medical care to Riley — including the responsibility to properly diagnose any illness that he suffers and to provide appropriate treatment for that illness. In order to fulfill its responsibility, the BOP employs doctors, nurses, and other personnel with expertise in diagnosing and treating addictions and other medical conditions. If Riley needs treatment for a medical condition, then

the BOP should provide that treatment, even if his PSR says that he is healthy. And if Riley does not need treatment, then the BOP should not provide that treatment, even if the PSR says that he is not healthy.

Riley suggests that the BOP has told him that he is not eligible for the RDAP because his PSR does not say that he is an alcoholic. The Court is skeptical that the BOP would made such a statement. Such a statement would suggest that the BOP is trying to slough off its responsibility onto this Court. Such a statement would also be irrational. Riley has presented to this Court exactly the same evidence of alcoholism that he has presented to the BOP. The BOP has already decided that the evidence is insufficient to establish that Riley is an alcoholic. It defies belief that the medical experts employed by the BOP would change their views about whether Riley is an alcoholic because the undersigned — who has absolutely no expertise in diagnosing or treating addictions — amended Riley's PSR at his request and based on the same information that he presented to the BOP.

The Court has no idea whether Riley is an alcoholic, and, unlike the BOP, this Court has neither the responsibility nor the expertise to make that determination. All that this Court can do is ensure that the PSR accurately reflects the information that Riley provided at the time he was sentenced. Riley's PSR accurately reflects what he told the Court about his use of alcohol at the time that he was sentenced, and thus this Court has neither the authority nor a reason to "correct" that PSR.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Joseph Edward Riley's motion to amend his Presentence Investigation Report [Docket No. 130] is DENIED.

Dated: March 8, 2012

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge